UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNNIE CHATMAN | CIVIL ACTION |
| VERSUS | No. 10-1820 |
| LIFE INSURANCE COMPANY<br>OF AMERICA., ET AL | SECTION "C" (5) |

ORDER AND REASONS[1]

This matter comes before the Court on Plaintiff's Motion to Remand. (Rec. Doc.) Having considered the record, the memoranda of counsel and applicable law, the Court has determined that the Motion to Remand is DENIED for the following reasons.

The Plaintiff filed this suit in state court against Life Insurance Company of North America ("LINA") and his employer, the Jefferson Parish School Board ("JPSB"), for arbitrarily and capriciously terminating his long-term disability benefits. (Rec. Doc.1) The Plaintiff and JPSB are both residents of Louisiana while LINA is a resident of Pennsylvania. (Rec. Doc.1) The Defendants removed on the basis of diversity, claiming that the non-diverse party was fraudulently joined to this action so as to prevent removal. (Rec. Doc. 8)

Any civil action may be removed from state court to federal court if the federal court would have had jurisdiction if brought there as an original matter. 28 U.S.C § 1441 (2006). The district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332 (2006). For diversity jurisdiction to attach there must be complete diversity, meaning that the citizenship of every plaintiff

---

[1] Helen Meaher, a J.D. Candidate at Tulane Law School assisted in preparing this Order and Reasons.

is diverse from the citizenship of every defendant. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).There is no dispute by the parties that the amount in controversy exceeds the jurisdictional minimum. (Rec. Doc. 11) Here, it is facially apparent from the Petition that the jurisdictional amount of $75,000 is satisfied.

Fraudulent joinder is a bad faith joinder of a party and usually occurs as a way to prevent removal of a case to federal court. *Black's Law Dictionary* 854 (8th ed. 2004). The removing party bears the burden of establishing that federal jurisdiction exists. *Dodson v. Spilliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir. 1992). The removing party must also demonstrate that there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendant in state court. *Ford v. Elsbury,* 32 F. 3d 931, 935 (5th Cir. 1994). Thus, "the burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one*."* *B., Inc. v. Miller Brewing Co.,* 663 F. 2d 545, 549 (5th Cir. 1981).

A claim for fraudulent joinder is similar to a motion for summary judgment. *Badon v. RJR Nabisco, Inc.,* 224 F.3d 382, 393 (5th Cir. 2000). Disputed questions of fact are resolved in favor of the non-removing party; if no proof of contradictory facts is submitted, the court does not assume that the nonmoving party could or would prove the necessary facts. *Id*. The Court can examine the pleadings and consider summary judgment-type evidence to determine whether the non-removing party has a valid claim against the non-diverse party. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98 (5th Cir. 1990).

A court determines whether there is any possibility of recovery against the non-diverse party. *Id*.at 101. If the court determines that recovery is possible, "then a good faith assertion of such an expectancy in state court is not a sham… and is not fraudulent in fact or in law." *Dodson*, 951 F.2d

at 43. There can be no fraudulent joinder unless it is apparent that there can be no recovery under state law on the cause of action. *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962).

In this motion, the Plaintiff argues that he has a viable claim against the non-diverse Defendant for its bad faith involvement in handling his disability claim. (Rec. Doc. 1 ) The Defendants argue that the Plaintiff cannot maintain a claim of bad faith conduct for two reasons. (Rec. Doc. 8)

First, the Defendants argue that the Plaintiff did not assert a claim against JPSB. (Rec. Doc. 8) However, without making a final determination on this issue, the Court notes that the Plaintiff did allege in the Petition that the Defendants collectively breached their fiduciary duty by arbitrarily and capriciously terminating his long-term disability benefits. (Rec. Doc. 8)

Next, the Defendants assert that JPSB is fraudulently joined because the Plaintiff failed to state a claim against JPSB for which relief can be granted. (Rec. Doc. 11) The disability insurance was provided by LINA to all JPSB employees.(Rec. Doc.1)  As the plan administrator, LINA has complete and total control over the payments and termination of benefits to the insured. (Rec. Doc. 11) JPSB has no authority to evaluate the Plaintiff's claims to LINA, and JPSB does not have access to the Plaintiff's medical records. (Rec. Doc. 8 ) JPSB plays no role in deciding or paying the Plaintiff's benefit claims. (Rec. Doc. 11) Thus, LINA is solely responsible for terminating the Plaintiff's benefits and choosing not to reinstate the Plaintiff's benefits. As a result, there is no possibility for the Plaintiff to prevail on his claims for wrongful termination of his insurance benefits against JPSB.

The Court finds that the non-diverse Defendant was not involved in the payment or termination of the Plaintiff's insurance benefits. Therefore, there is no possibility that the Plaintiff can establish a cause of action against and recover from the non-diverse Defendant. As such, the

non-diverse Defendant is fraudulently joined.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Remand is DENIED.

New Orleans, Louisiana, this  29  day of September, 2010.

Helen G. Berrigan
United States District Judge